### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                          NO. 11-CR-833 JEC

LUZ ERICA CORDERO-REYES,

      Defendant.

### MEMORANDUM OPINION ON SENTENCING

THIS MATTER comes before the Court on Defendant's Sentencing Memorandum and Request for Departure and/or Variance, filed June 16, 2011 (Doc. 22) ("Sentencing Memorandum") in which Defendant challenges imposition of a 16-level enhancement to her offense level by operation of 2L1.1, and requests a downward variance based on the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).  The Court reviewed Defendant's Sentencing Memorandum, the United States' Response to Defendant's Sentencing Memorandum (Doc. 23)(requesting the 16-level enhancement and opposing any variance), the governing authority, and held a sentencing hearing on July 20, 2011.  On the record at the hearing, the Court:  (1) found Defendant's criminal history over-represented at a category III and reduced it to a category II; (2) rejected Defendant's challenge to the 16-level enhancement and applied it; (3) found no sufficient or persuasive basis for a variance from the properly calculated guideline range upon consideration of the §3553(a) factors; and (4) sentenced Defendant to a term of 41 months of incarceration, followed by a two-year term of supervised release.  The Court presently enters this Memorandum Opinion and Order in support of its determination that Defendant's prior

conviction under the Colorado menacing statute qualifies as a crime of violence for purposes of 2L1.1.  The Court also makes written record of its reasons for denying Defendant's request for a downward variance from the advisory guideline range.

**I.     Background**

On June 6, 2011, Defendant pled guilty, absent a plea agreement, to a one-count indictment charging a violation of 8 U.S.C. §§ 1326(a) and (b), re-entry of a removed alien.[1]  After her arrest for illegal re-entry, it was discovered that she had previously been convicted under Colorado Revised Statute § 18-3-206 (Menacing).[2]  In its final adaptation, an Amended Pre-Sentence Investigative Report ("APSR") applied a sixteen-level enhancement for re-entry after deportation following conviction for a crime of violence.  The APSR drafter calculated Defendant's adjusted offense level to be 21 and her criminal history category to be II, which resulted in a guideline imprisonment range of 41-51 months.  *See* June 14, 2011 APSR (reflecting that Defendant withdrew her initial plea and subsequently pled guilty to the Information without a plea agreement), Addendum dated June 20, 2011, and Addendum dated June 29, 2011.  On July 20, 2011, the Court adopted the APSR and sentenced Defendant to 41 months imprisonment to be followed by 2 years of (unsupervised) supervised release.

---

[1] Defendant had previously pled guilty to the Information and entered into a non-standard fast track plea agreement.  Defendant withdrew her guilty plea on May 23, 2011.  *See* Docs. 18, 21.

[2] In particular, in Case No. D0512010CR000638, Pueblo County District Court, Colorado, Defendant pled guilty to Count 2 of a criminal Complaint and Information, which state that, "[o]n or about May 8, 2010, Erika Reyes, by any threat or physical action unlawfully, feloniously, and knowingly placed or attempted to place Rich Polich in fear of imminent serious bodily injury by representing verbally or otherwise that [s]he was armed with a deadly weapon, namely:  Explosive Device; in violation of section 18-3-206(1)(b), C.R.S."  *See* December 8, 2010 Sentence Order; May 13, 2010 Complaint and Information (both attached to APSR).

Prior to sentencing, Defendant filed a Sentencing Memorandum seeking a downward departure and variance from the guideline imprisonment range.  Defendant argued, in significant part, that her prior conviction under the Colorado menacing statute did not constitute a crime of violence and, therefore, could not be a predicate offense for imposition of the 16-level enhancement under U.S.S.G. § 2L1.2.  Defendant also asserted that a variance from the guideline range was warranted based on Defendant's difficult childhood circumstances (including poverty and molestation), the fact that she unlawfully returned to the United States twelve days after deportation because she assists her partner by financially and emotionally supporting her partner's five children, and that she is in need of medical treatment for asthma and a mass in her skull.

## II.     Discussion

### A.     Guideline Calculation/Imposition of the 16-Level Enhancement

### i.     The APSR Calculation Adopted by the Court

Before the Court considers a request for a variance from the advisory guideline range, it must first determine the proper guideline range itself.  Section 2L1.2(a) of the United States Sentencing Guidelines provides for a base-offense level of 8 for illegal re-entry after deportation. *See* U.S.S.G. 2L1.2(a).  Additionally, U.S.S.G. § 2L1.2(b)(1)(A)(ii) requires imposition of a 16-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence."   Under this enhancement provision, a crime of violence is defined as:

> any of the following offenses under federal, state, or local law:
> murder, manslaughter, kidnaping, aggravated assault, forcible sex
> offenses . . . statutory rape, sexual abuse of a minor, robbery, arson,
> extortion, extortionate extension of credit, burglary of a dwelling,
> *or any other offense under federal, state, or local law that has as an*

>*element the use, attempted use, or threatened use of physical force against the person of another.*

U.S.S.G. § 2L1.2 Cmt. n.1(B)(iii) (emphasis added). Finding Defendant's undisputed prior conviction under the Colorado felony menacing statute at issue to have "as an element the use, attempted use, or threatened use of physical force against the person of another," the Court applied the 16-level enhancement. *Id*. Further, a 3-level downward adjustment was applied because Defendant clearly demonstrated acceptance of responsibility for the offense of conviction pursuant to U.S.S.G. § 3E1.1. Operation of the guideline provisions in this case resulted in an offense level of 21.

Next, Defendant's criminal history points were assessed. Two points were assigned for a prior felony conviction and 2 points for committing the present offense while still under a criminal justice sentence for the prior felony, for a total of 4 points, resulting in a criminal history category of III. An offense level of 21 and a criminal history category of III yielded an advisory guideline imprisonment range of 46 to 57 months. However, the Court determined that Defendant's criminal history category was over-represented at a category III and, accordingly, reduced it to a category II pursuant to the provisions of U.S.S.G. § 4A1.3. An offense level of 21 with a criminal history category of II resulted in guideline imprisonment range of 41-51 months. The Court sentenced Defendant at the lowest end of the advisory guideline range, imposing a term of 41 months imprisonment.

The primary issue before the Court is the availability of Defendant's conviction under the Colorado felony menacing statute for purposes of imposing the 16-level enhancement. Because the underlying offense is not among those enumerated, it is necessary that the Colorado statute at issue require, for conviction, "the use, attempted use, or threatened use of physical force against

the person of another." The Colorado menacing statute defines felony menacing as follows:

>   (1)     A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, it is a class 5 felony if committed:
>
>   (a)     By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or
>
>   (b)     By the person representing verbally or otherwise that he or she is armed with a deadly weapon.

Colo. Rev. Stat. § 18-3-206 (1995).

### ii. Categorical and Modified Categorical Interpretive Approach

Where, as here, there is a dispute as to whether a prior conviction is a crime of violence, a sentencing court should follow the "categorical approach" adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. at 600. *See United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005). Under the categorical approach, courts looks only to the statutory definition of the prior offense, and should not consider the particular facts of a defendant's underlying conduct. *See United States v. Perez-Vargas*, 414 F.3d at 1284. *See also United States v. Zuniga-Soto*, 527 F.3d 1110, 1118 (10th Cir. 2008)(in determining whether a prior offense has, as an element, the use, attempted use, or threatened use of physical force, the court's inquiry is limited to the offense's statutory definition and must ignore the facts of the underlying offense).

In a "narrow range" of cases, the categorical approach permits the court to look beyond the statute of conviction, applying a "modified categorical approach." *United States v. Torres-Romero*, 537 F.3d 1155, 1158 (10th Cir. 2008). The modified categorical approach is proper when the statute under which a defendant pled guilty "reaches a broad range of conduct, some of

which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." *United States v. Torres-Romero*, 537 F.3d 1155, 1158 (*quoting United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005)). Under the modified approach, the court "may examine judicial records in order to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face." *Martinez-Hernandez*, 537 F.3d at 1158 (*quoting United States v. Zuniga-Soto*, 527 F.3d 1110, 1121 (10th Cir. 2008)). The United States Court of Appeals for the Tenth Circuit has repeatedly stated that "the modified approach is properly used when the statute of conviction contains multiple element sets and is therefore divisible." *United States v. Herrera*, 286 Fed. Appx. 546, 552 (10th Cir. 2008)(unpublished opinion)(citing *United States v. Hays*, 526 F.3d 674, 676 (10th Cir. 2008)).

The Government asserts that, "[b]ecause the Colorado statute is not an enumerated "crime of violence," only the categorical approach, which limits inquiry to the statute of conviction, is appropriate." Response at 2. However, as this Court understands it, whether a crime is enumerated or, instead, falls in the general category of 2L1.1 does not, by itself, determine the analytical approach. The relevant questions are whether the underlying statute is ambiguous and, if so, whether it is divisible. The modified categorical approach seeks to determine which part of a divisible predicate statute the defendant was convicted under, where that statute reaches both violent and nonviolent conduct. Which portion of the enhancement provision is invoked does not bear on this portion of this inquiry.

Although the parties apparently agree that the straight categorical approach is how the Court should proceed, the Court notes that the Colorado statute certainly appears to encompass

both non-qualifying conduct (misdemeanor) and qualifying conduct (felony menacing).  The Colorado statute at issue is "divisible," then, insofar as it encompasses misdemeanor menacing under section (1) as well as fifth degree felony menacing under subsections (1)(a) and 1(b).  Because it is divided into sections and, accordingly, "divisible," the Court looked to the charging instrument and judgment in this case to determine which provision of the Colorado statute it should examine, *see Zuniga-Soto*, 527 F.3d at 1117, 1121-22, and found that Defendant was charged and convicted under § 18-3-206(1)(a)/(b).  *See* Pueblo County, Colorado, Case No. 2010CR000638, May 13, 2010 Complaint and Information, Count II; December 8, 2010 Sentence Order.  Subsections (a) and (b) represent both ways a person may be convicted of felony menacing and the Defendant does not dispute that she was, in fact, convicted of felony menacing.

### iii. Other Courts Have Interpreted Conviction under the Colorado Felony Menacing Statute to Constitute a Crime of Violence

The majority of courts construing a felony conviction under the Colorado felony menacing statute have determined that such a conviction constitutes a violent crime for purposes of U.S.S.G. § 2L1.2.  *United States v. Dominguez-Rubio*, 310 F. App'x 238 (10th Cir. 2009)(unpublished decision)("[t]he crime [of felony menacing under Colorado statute] includes 'the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon.' Colo. Rev. Stat. Ann. § 18-3-206(1)(a).") ; *United States v. Menchor-Meceno*, 620 F.3d 1180, 1185 (9th Cir. 2010)(citing *United States v. Herron,* 432 F.3d at    ).  *But see United States v. Perez-Veleta*, 541 F.Supp 2d 1173, 1179 (D.N.M. 2008) (holding that the modified categorical approach is to be used in determining whether a Colorado felony menacing offense is a crime of violence under U.S.S.G. § 2L1.2(b)(1)

because the statutory definition of deadly weapon includes "materials and substances," *see* Col. Rev. Stat. § 18-1-901, and the use of substances such as smoke or poison would "not necessarily include the threatened, attempted, or actual use of physical force."*).*

Similarly, courts interpreting the Colorado statute for purposes of the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)(1), have consistently held that felony menacing constitutes a violent felony. Foremost, in *United States v. Herron*, the Tenth Circuit held that Colorado's felony menacing offense – knowingly placing or attempting to place someone in fear of imminent serious bodily injury by the use of a deadly weapon – "easily satisfies" the requirement of "the threatened use of physical force against the person of another" as required by 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Herron*, 432 F.3d at1138 (10th Cir. 2005), cert. denied, 547 U.S. 1104 (2006). Following suit, in *United States v. Forest*, the Eighth Circuit stated, "we agree with the Tenth Circuit [in *Herron*] that the elements of the Colorado felony menacing offense 'in the ordinary case' easily satisfy this requirement. A threat that creates a fear 'of imminent serious bodily injury' is a threat of physical force. Thus, a felony menacing conviction under this statute is categorically a violent felony under § 924(e)(2)(B)(i)." *United States v. Forest*, 611 F.3d 908, 910 (8th Cir. 2010) (quoting *James v. United States*, 550 U.S. 192, 208 (2007) ("the proper inquiry . . . in the ordinary case, [is whether the conduct encompassed in the statute involves the use, attempted use, or threatened use of physical force against the person of another]. One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury . . . ." (Citation omitted.)").

Furthermore, this Court may "give deference to the state court's interpretation of its own law." *United States v. Hererra*, 286 F. App'x at 557. Colorado has interpreted its own felony

8

menacing statute to constitute a crime of violence. Specifically, Colorado courts have held that, "[b]ecause felony menacing is committed when a person knowingly places or attempts to place another in fear of imminent serious bodily injury by using or threatening use of a deadly weapon, it necessarily involves the threat of force." *People v. Montez*, No. 07CA0139, 2010 Colo. App. LEXIS 363, 2010 WL 961652, at *6 (Colo. Ct. App. March 18, 2010) (citing *People v. Gallegos*, 193 Colo. 108, 563 P.2d 937, 938-39 (Colo. 1977) (en banc)); *see also People v. Hines*, 780 P.2d 556, 559 (Colo. 1989) (en banc) (concluding that "an offender may commit felony menacing by the use of a firearm without actually pointing the firearm at another person" (internal quotation marks omitted)); *People v. Shawn*, 107 P.3d 1033, 1035 (Colo. Ct. App. 2004) (scratching, pinching and attempting to bite the victim while stating, "I'm HIV positive," constituted felony menacing).

In line with the reasoning of the majority of courts having considered the question, this Court determines that Defendant's felony menacing conviction under Colo. Rev. Stat. § 18-3-206 (1995) is constitutes a crime of violence for purposes of USSG 2L1.2(b)(1)(A)(ii) and imposition of the enhancement to this defendant's sentence is proper.

**B.     Application of the § 3553(a)1-7 Factors to Arrive at a Sentence Sufficient but not Greater Than Necessary to Comply with the Purposes of § 3553(a)(2)**

Defendant also requested a downward variance from the guideline range, based in significant part on the fact that she has been emotionally and financially supportive of her partner's five children (ranging in age form 6-16) while unlawfully in the United States. Defendant maintains that "she did not return [to the United States unlawfully] to commit new crimes or otherwise engage in illegal activity," but to help her partner care for the children. The Court notes, however, that the illegal re-entry itself constitutes the commission of a new, serious

crime. *See* 8 U.S.C. § 1326(b)(2). Further, the fact that Defendant returned unlawfully less than two weeks after being deported signifies an unignorable disregard for the immigration laws of the United States, notwithstanding Defendant's proffered reason for returning.

The Court acknowledges that this Defendant does not have a lengthy criminal history, a fact which is already reflected in her criminal history category. Furthermore, the Court reduced Defendant's criminal history category from III to II upon finding of over-representation. Yet, the aggressive nature of Defendant's prior felony causes the Court some concern for the safety of the public. Defendant's otherwise law-abiding life reflects positively on her history and characteristics, but the behavior underlying her prior felony conviction (jumping through a fast-food restaurant's drive-up window and demanding money, while threatening to set off a bomb), creates concern regarding the apparent unpredictability of Defendant's conduct. *See* APSR at 6-7. Indeed, the fact that Defendant "is not a drug user [and] does not abuse alcohol" is a positive characteristic, but the Court cannot ignore the fact that, uninfluenced by illegal substances or alcohol, she has, in the recent past, proven herself capable of violent behavior directed at innocent members of the public. Presently, Defendant has also exhibited a blatant disregard for the immigration laws of the United States, evidently not having been at all deterred from unlawful reentry by her previous deportation. All relevant sentencing factors considered, the Court is not persuaded that a variance from the properly calculated, though advisory, guideline range is warranted.

### III.     Conclusion

In summary, Defendant's conviction under the Colorado menacing statute constitutes a crime of violence meriting a 16-level enhancement under §2L1.2. Further, consideration of each of the sentencing factors set forth in 18 U.S.C. § 3553(a)(1)-(7) leads the Court to conclude that

no downward variance is warranted in this case.  Rather, a sentence at the low end of the properly calculated guideline range of 41-51 months will be sufficient, but not greater than necessary, to accomplish all of the objectives of sentencing.

Dated September 19, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE